## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**BARRON LAZZIRA GARNETT,**

      **Plaintiff,**

  **v.**                                  **Case No. 06-C-1257**

**SERGEANT JAMES CRISS and JAN BRYLOW,**

      **Defendants.**

## ORDER DENYING PLAINTIFF'S MOTIONS

    Plaintiff Barron Lazzira Garnett filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983. On April 16, 2007, United States District Judge Rudolph T. Randa granted the plaintiff's petition for leave to proceed in forma pauperis on a claim that his constitutional rights were violated based on the denial of his right to vote while detained at the Milwaukee County Jail. On July 16, 2007, this case was transferred to me based on consent of the parties. Before the court are the plaintiff's Motion to Add Defendant and a letter in which the plaintiff requests appointment of counsel. These matters will be addressed herein.

    The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.1 (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis.).

### MOTION TO ADD DEFENDANT

    On May 3, 2007, the plaintiff filed a Motion to Add Defendant in which he seeks to add Sheriff David Clarke and Milwaukee County as defendants in this action. The court construes the plaintiff's filing as a motion to amend the complaint.

As an initial matter, the court notes that the plaintiff has not submitted a proposed amended complaint along with his motion. This district's Local Rules provide that a "party submitting a motion to amend must attach to the motion the original of the proposed amended pleading." Civil L.R. 15.1 (E.D. Wis.). In addition, any amendment to a pleading "must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." Id. Since the plaintiff did not submit a proposed amended pleading, his motion to amend will be denied.

However, the plaintiff's motion would be denied even if he had filed a proposed amended complaint. Rule 15(a) of the Federal Rules of Civil Procedure states that leave to file an amended complaint "shall be freely given when justice so requires." The Supreme Court has explained the meaning of "freely given" as used in Rule 15(a) by stating:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require, be freely given.

Foman v. Davis, 371 U.S. 178, 182 (1962).

The complaint alleges that, while detained at the Milwaukee County Jail, the plaintiff filled out a form that allowed qualified inmates to vote. On voting day, the plaintiff was told that someone would take him to vote, however, no-one came and the plaintiff did not get to vote.

In his motion to amend, the plaintiff seeks to add Sheriff Clarke and Milwaukee County because they "are liable for the acts of their employees." As such, according to the plaintiff, "it's their duty to train employees, such as the defendant in such that Milwaukee County Jail has implemented policies allowing detainees to vote." The plaintiff concludes that "since Milwaukee County and Sheriff David Clarke, hired and trained these defendants they were negligent in monitoring what there [sic] employees do while on duty[.]"

Although counties are "persons" for purposes of § 1983, liability against counties nevertheless may not arise vicariously; counties cannot be held liable under § 1983 on a respondeat superior basis. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-92 (1978). Instead, counties are liable only for acts for which the entity itself is responsible, meaning acts the entity has embraced as policy or custom. Id. at 690-91, 694. Unconstitutional policies or customs can take three forms:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policy-making authority.

Palmer v. Marion County, 327 F.3d 588, 594-95 (7th Cir. 2003) (citations omitted).

The plaintiff does not allege that Sheriff Clarke or Milwaukee County embraced any unconstitutional policies or customs. Thus, allowing him to amend the complaint to add them as defendants would be futile.

## **PLAINTIFF'S LETTER REQUESTING APPOINTMENT OF COUNSEL**

On July 12, 2007, the plaintiff filed a letter requesting that he be appointed counsel. Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992); McKeever v. Israel, 689 F.2d 1315, 1318 (7th Cir. 1982). This court is authorized to request, but not to compel (see Mallard v. United States District Court, 490 U.S. 296 (1989)), an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1). Jackson, 953 F.2d at 1071; McKeever, 689 F.2d at 1318. However, this court has no access to funds to compensate attorneys for such representation. This court, therefore, appoints counsel under § 1915(e)(1) only in the rare case where the failure to appoint counsel would be so fundamentally unfair that the plaintiff's due process rights would be violated. McNeil v. Lowney, 831 F.2d 1368, 1371 (7th Cir. 1987).

The threshold requirement for appointment of counsel under § 1915(e)(1) is whether a plaintiff has made a reasonable, but unsuccessful, effort to retain counsel, or whether the plaintiff was effectively precluded from making such efforts. Jackson, 953 F.2d at 1073. If a plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. Id. Once this initial requirement is met, the court, in exercising its discretion with regard to plaintiff's request, must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. See Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993).

In this case, the plaintiff has provided evidence that he has attempted to obtain legal counsel on his own. However, the issues in this case appear at this stage to be straightforward and uncomplicated. Moreover, the plaintiff's filings indicate that he is capable of litigating this case himself. Therefore, at this time, the court does not believe that the presence of counsel is likely to make a difference in the outcome of this case. Accordingly, the plaintiff's request for appointment of counsel will be denied.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion to amend the complaint (Docket #8) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket #15) be and hereby is **DENIED**.

Dated at Milwaukee, Wisconsin, this 31st day of July, 2007.

BY THE COURT:

s/Aaron E. Goodstein
AARON E. GOODSTEIN
U.S. Magistrate Judge