# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BARRON LAZZIRA GARNETT,

      Plaintiff,

      v.                                                                         Case No. 06-C-1257

SERGEANT JAMES CRISS
and JAN BRYLOW,

      Defendants.

## DECISION AND ORDER

      The plaintiff, who is incarcerated at the Sturtevant Transitional Facility, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff was granted leave to proceed in forma pauperis on a claim that his constitutional rights were violated based on the denial of his right to vote while detained at the Milwaukee County Jail. The defendants have filed a motion for summary judgment which is ready for resolution and will be addressed herein. The plaintiff has filed several motions which will also be addressed herein

      The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.1 (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis.).

## I. Plaintiff's Motions

**A. Plaintiff's Motion to Appoint Counsel**

The defendants filed their motion for summary judgment on December 6, 2007. The plaintiff did not file a timely response and on January 23, 2008, the court ordered the plaintiff to file a response on or before February 18, 2008. On February 1, 2008, the plaintiff filed this motion to appoint counsel. The defendants oppose the plaintiff's motion because the plaintiff has not provided evidence that he attempted to obtain legal counsel on his own, and because the issues in this case are straightforward, uncomplicated, and fact-intensive.

Although civil litigants do not have a constitutional or statutory right to appointed counsel, the court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir.2007); Luttrell v. Nickel, 129 F.3d 933, 936 (7th Cir.1997) (citing Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir.1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. Pruitt, 503 F.3d at 654; Zarnes, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. Pruitt, 503 F.3d at 654-655 (citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir.1993)).

In this case, the plaintiff has not provided evidence that he has attempted to obtain legal counsel on his own. Moreover, the issues in this case are straightforward and uncomplicated. The plaintiff has been allowed to proceed on one narrow claim that is not legally complex. The

plaintiff's filings indicate that he is capable of litigating this case on his own at this time. Accordingly, the plaintiff's motion for appointment of counsel will be denied.

**B. Plaintiff's Motion for Time Extension**

On February 8, 2008, the plaintiff filed a motion seeking extension of time within which to file affidavits to support his claim. It appears that the plaintiff seeks additional time so that he can obtain affidavits from Milwaukee County Correctional Officer Amble and Milwaukee County Jail inmate Ricky Swift. The plaintiff filed his response to the defendants' motion for summary judgment on April 24, 2008, which included the affidavit of Ricky Swift. Although untimely filed, the court will consider the plaintiff's response in resolving the defendants' motion. Thus, the plaintiff's motion for time extension will be denied as moot.

**C. Plaintiff's Motion to Subpoena Witnesses and/or Affidavit**

On February 19, 2008, the plaintiff filed this motion to subpoena witnesses and/or affidavit in which he requests that the court subpoena inmate Ricky Swift's and Office Amble's affidavits as well as the officer's log book from Pod 5C from November 6, 2006. In response, the defendants assert that they requested the Pod 5C logbook from all shifts on November 6, 2006, and will provide that to the plaintiff, if available. However, to the extent that the plaintiff wants the court to order Ricky Swift and Officer Amble to provide the plaintiff with affidavits to support his claim, the court is unaware of, and the plaintiff does not point to, any authority to warrant such action. (In other words, as stated by the defendants, "Obviously, that cannot be done under the law and discovery procedures available to Garnett.") Thus, the plaintiff's motion will be denied.

3

**D. Plaintiff's Motion to Appoint Counsel**

On April 24, 2008, the plaintiff filed a letter in which he requests that the court appoint counsel for him. However, based on the discussion <u>supra.</u> regarding the plaintiff's motion for appointment of counsel, his request will be denied.

**E. Plaintiff's Motion to Add Defendant**

On April 24, 2008, the plaintiff filed this motion in which he seeks to add Milwaukee County Sheriff's Department as a defendant. The court previously considered and denied a motion brought by the plaintiff to add Milwaukee County as a defendant in this action. (<u>See</u> Court's Order of August 1, 2007, at 2-3.) The plaintiff has not presented any new reason as to why the court should grant his motion. Even if he had, allowing the plaintiff to amend the complaint at this late date would cause undue prejudice to the defendants. <u>See</u> <u>Crest Hill Land Dev., LLC v. City of Joliet</u>, 396 F.3d 801, 804 (7th Cir. 2005). Accordingly, the plaintiff's motion will be denied.

## II. Defendants' Motion for Summary Judgment

**A. Summary Judgment Standard**

Summary judgment is proper when the pleadings and other submissions filed in the case show that there is no genuine issue regarding any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). After adequate time for discovery, summary judgment is appropriate against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. <u>Id.</u> The existence of a factual dispute between the parties will not defeat a properly supported motion for summary judgment unless the facts in dispute are those which might affect the outcome or resolution of issues before

4

the court. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). A genuine issue of material fact exists only where a reasonable finder of fact could make a finding in favor of the non-moving party. Id. at 248; Santiago v. Lane, 894 F.2d 218, 221 (7th Cir. 1990). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine need for trial and summary judgment is proper. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The moving party has the initial burden of demonstrating that there is no genuine issue of material fact. Celotex, 477 U.S. at 323. Once this burden is met, the non-moving party must designate specific facts to support or defend each element of the cause of action, showing that there is a genuine issue for trial. Id. at 322-23. When the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. Anderson, 477 U.S. at 267; see also Celotex Corp., 477 U.S. at 324 ("proper" summary judgment motion may be "opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves . . ."); Fed. R. Civ. P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must - by affidavits or as otherwise provided in this rule - set out specific facts showing a genuine issue for trial."). If a plaintiff merely repeats under oath the same general allegations contained in the complaint, this is not enough to convert claims into evidence sufficient to maintain a claim at the summary judgment stage. Wudtke v. Davel, 128 F.3d 1057, 1061 (7th Cir. 1997).

To defeat summary judgment, the non-moving party must engage in more than a mere swearing match. Matter of Wade, 969 F.2d 241, 245 (7th Cir. 1992). While the resolution of factual

5

disputes, the sufficiency of evidence developed from the facts, and the relative credibility of the parties are matters generally left to a jury or fact-finder at trial, summary judgment is nonetheless appropriate where the evidence is so one-sided that one party must prevail as a matter of law. Anderson, 477 U.S. at 251-252. If a party's allegations are based on mere conjecture, and are merely colorable or conclusory, and if the evidence supporting those allegations is not significantly probative as to material facts at issue, denial of a motion for summary judgment is not justified. Id. at 249-50.

**B. Facts**

The facts for purposes of summary judgment are taken from the defendants' Proposed Findings of Facts in Support of Motion for Summary Judgment, the plaintiff's sworn complaint, see Ford v. Wilson, 90 F.3d 245, 246 (7th Cir. 1996), and the affidavit of Ricky Swift.

At all times relevant to the allegations in the complaint, the plaintiff was incarcerated at the Milwaukee County Jail ("Jail"). (See generally Compl.) Defendant Jan Brylow was, at all times relevant, employed as a Program Manager with the Milwaukee County Sheriff's Department. (Brylow Aff. ¶ 2.) Ms. Brylow is in charge of coordinating volunteers at the Jail as well as inmate educational, religious, and social activities at the jail. (Brylow Aff. ¶ 3.) Although she manages the Jail's library and is familiar with voting policies there, Ms. Brylow does not assist inmates who wish to vote in an election; that is the job of the librarian, Eric Beaumont. Id. Defendant Sergeant James Criss is a Sergeant with the Milwaukee County Sheriff's Department and, at all times relevant to the complaint, was assigned to the Jail working second shift. (Criss Aff. ¶ 2.)

The plaintiff was arrested and became an inmate of the Jail on or about June 8, 2006 and was charged with burglary, a Class F Felony. (Zillig Aff. ¶ 6.) At the time of his arrest, the plaintiff lived

6

at 2947 North 67th Street in Milwaukee, Wisconsin. Id. At the time of his arrest and incarceration at the Jail, the plaintiff was a registered voter at 1007 North 15th Street in Milwaukee. (Edman Aff. ¶¶ 2, 3.) As of December 5, 2007, the plaintiff was still registered to vote at 1007 North 15th Street in Milwaukee. (Edman Aff. ¶ 3.) The plaintiff remained at the Jail from the date of booking until July 16, 2007, at which time he received a stayed sentence of ten years on the burglary charge and was placed on probation for four years. (Zillig Aff. ¶ 6.)

The plaintiff alleges that on "11/06/06 Sergeant James Criss announced, in Pod 5C day room time to the inmates if your [sic] not on parole or probation and you would like to vote please fill out an inmate request form requesting that you want to vote within the next half hour and give it to me which I did. So on the day of voting I inquired to both first and second shift officer [sic] about me [sic] exercising my right to vote and they responded [sic] by saying 'someone will come and get me [sic] to go vote' so I waited and no one never [sic] came. Therefore my right to vote was violated." (Compl. at 5-6.; see also Affidavit of Ricky Swift ¶¶ 3-5.)

Sergeant Criss does not have an independent recollection of the plaintiff handing him a written request to vote on November 6, 2006. (Criss Aff. ¶ 3.) Sergeant Criss did respond to the grievance the plaintiff filed on November 8, 2006, the day after the election, regarding the plaintiff's issue with voting. Id. In his November 8, 2006 response to the plaintiff's grievance, Sergeant Criss told the plaintiff that on November 2, 2006, pursuant to the Jail library's policy on voting, he gathered a list of names of inmates who had expressed an interest in voting. (Criss Aff. ¶ 4.) Sergeant Criss then gave those names to the librarian, who assists the inmates with voting registration and absentee ballot voting. Id. Sergeant Criss had no further contact with the Jail librarian regarding voting in November 2006. (Criss Aff. ¶ 5.) Sergeant Criss cannot recall if the

7

plaintiff's name was on that November 2, 2006 list. (Criss Aff. ¶ 4.) Ms. Brylow was not involved with the plaintiff's alleged November 6, 2006 voting request in any way, shape or form other than to respond to the November 8, 2006 grievance the plaintiff filed. (Brylow Aff. ¶ 16.)

The Jail library has posted policies and procedures for qualified inmates who want to vote. (Brylow Aff. ¶ 4.) As long as the inmate is not serving time for a felony, or is on probation, parole or extended supervision for a felony, he or she has the right to vote while incarcerated. Id. The Jail library voting policy is posted continuously in the housing pod and is available for inmate review. Id. The Jail library voting policy was posted in November 2006. Id. The policy provides that all voting registration forms must be received at the City Election Commission by 5:00 p.m. exactly 20 days prior to all elections. Id. The policy also provides that if an inmate is already registered and wants to vote, his or her request for an absentee ballot must be received at the City Election Commission by 5:00 p.m. on the Thursday before election day. Id.

In the past, there has been a memo to the inmate population posted in the Jail housing pods that indicated an inmate who wishes to register to vote must request to do so with the Jail librarian at least two weeks before an election to vote in that election. (Brylow Aff. ¶ 5.) That memo is no longer posted in the housing pods, as it does not reflect the proper voting procedures followed at the Jail. Ms. Brylow does not know if the memo was posted in the Jail housing units in November 2006. Id.

Susan Edman, the City of Milwaukee Election Commissioner, testified that in order for the plaintiff to have obtained an absentee ballot to vote in the November 7, 2006 election, the plaintiff must have made his request for an absentee ballot as of November 2, 2006 and must have been living at 1007 North 15th Street in Milwaukee, his registered voting address as of November 2, 2006.

(Edman Aff. ¶ 4.) According to Susan Edman, if an application to obtain an absentee ballot would have been made in November 2006 by the plaintiff for the November 7, 2006 election, and he was not residing at 1007 North 15th Street in Milwaukee, the place where he was listed as residing when he registered to vote in 2007, her office would have rejected the application for an absentee ballot. (Edman Aff. ¶¶ 2, 4.) The plaintiff would have been told to re-register at his new address. Id. According to Susan Edman, the plaintiff would not have been allowed to vote in the November 7, 2006 election even if he made an attempt to register to vote in November 2006 because, pursuant to Wis. Stats. § 6.28, all voter registration forms must be received at the City Election Commission by 5:00 p.m. exactly 20 days prior to all elections. (Edman Aff. ¶ 5.) Any application to re-register to vote by the plaintiff submitted by mail or through a special registration deputy must have been received in the Election Commission office by October 18, 2006. Id.

In an attempt to discover more information regarding the factual basis of the plaintiff's claim, the defendants mailed their first set of discovery to the plaintiff on October 4, 2007. (Zillig Aff. ¶ 2.) Because the plaintiff neither responded to the discovery within 30 days nor did he appear for his deposition on November 1, 2007, on November 26, 2007, the defendants sent a letter to the plaintiff requesting a response to the discovery by December 3, 2007, and a new date for his deposition. (Zillig Aff. ¶ 4.) To date, no response to the November 26, 2007 letter has been received by defendants. (Zillig Aff. ¶ 9.) Counsel for the defendants has not been able to reach the plaintiff by phone to discuss the discovery issues because they cannot locate a telephone number for him. (Zillig Aff. ¶ 5.)

**C. Analysis**

The defendants contend that, 1) the complaint should be dismissed pursuant to Federal Rule of Civil Procedure 37 based on the plaintiff's failure to appear for deposition or respond to discovery and for his failure to keep the court apprised of his address change; 2) the court should dismiss the plaintiff's § 1983 claims against the defendants since he cannot demonstrate the personal involvement of these defendants; 3) as a matter of law the plaintiff cannot maintain his § 1983 claim against all defendants; and 4) regardless of the substantive merits of the plaintiff's constitutional claims, the defendants are entitled to qualified immunity.

In response, the plaintiff argues:

> I (the plaintiff) [am] not disputing the fact that should have followed the jail policy and procedure to vote, if I had known. What I am (the plaintiff) is disputing is the fact that the jail should have made it known to the inmates how and when to vote in the proper time, not have a sergeant come and announce a day before voting, "that if anyone is not on parole or probation and would like to vote, "fill out a request slip stating that you would like to vote and I will come back in a half hour to pick them up from you."
>
> I (the plaintiff) Barron L. Garnett did do just as ask to do by Sergeant James Criss. And I was told by him, upon the time I handed him my request to go vote, that someone will come take me to go vote tomorrow, which was the day of voting, 11-07-2006. No one never came and therefore I was not able to vote.

(Pl.'s Resp. at 1-2.)

The defendants first contend that the court should dismiss the complaint pursuant to Federal Rule of Civil Procedure 37. The court may dismiss a case in whole or in part as a sanction upon a party for failing to appear for his deposition. Fed. R. Civ. P. 37(d). However, given the preference for the adjudication of <u>pro se</u> claims on the merits, the court will address that portion of the

defendants' summary judgment motion that address the merits of the plaintiff's claim. See Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 555 (7th Cir. 1996).

The defendants contend that the plaintiff cannot demonstrate that they were personally involved in his claims and that, as a matter of law, the plaintiff cannot maintain his § 1983 claim against them. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon him by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). However, § 1983 does not create a claim based on collective or vicarious responsibility. See Pacelli v. deVito, 972 F.2d 871, 875 (7th Cir. 1992). An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. Sheik-Abdi v. McClellan, 37 F.3d 1240, 1248 (7th Cir. 1994); Rascon v. Hardiman, 803 F.2d 269, 273 (7th Cir. 1986). An official is personally involved if: a) he or she participates directly in the constitutional deprivation, b) acts or fails to act with reckless disregard of the plaintiff's constitutional rights, or c) the conduct that deprived the plaintiff of his constitutional rights occurred at the official's direction or with his or her knowledge and consent. Rascon, 803 F.2d at 274; Smith v. Rowe, 761 F.2d 360, 369 (7th Cir. 1985); Crowder v. Lash, 687 F.2d 996, 1005 (7th Cir. 1982).

In this case, it is undisputed that in her position as Program Manager at the Jail, Ms. Brylow is in charge of coordinating volunteers as well as inmate educational, religious, and social activities at the Jail, but that she does not assist inmates who wish to vote in an election. Ms. Brylow was not involved with the plaintiff's voting request in any way other than to respond to the grievance he filed after the fact. Sergeant Criss does not dispute the plaintiff's allegation that he made an

11

announcement in the day room on November 6, 2006, regarding voting. It is also undisputed that Sergeant Criss does not have an independent recollection of the plaintiff handing him a written request to vote on November 6, 2006. Sergeant Criss responded to the plaintiff's November 8, 2006, grievance telling the plaintiff that on November 2, 2006, he gathered a list of names of inmates who had expressed an interest in voting and gave those names to the librarian, who assists the inmates with voting registration and absentee ballot voting. It is undisputed that Sergeant Criss had no further contact with the Jail librarian regarding voting in November 2006. Based on the foregoing, the court concludes that the defendants were not personally involved in the alleged constitutional violation.

Even if the defendants were personally involved in the alleged violation, the undisputed facts demonstrate that a constitutional violation did not take place. "The constitution of the United States protects the right of all qualified citizens to vote, in state as well as in federal elections." Reynolds v. Sims, 377 U.S. 533, 554 (1964). However, negligent conduct on the part of a state official is insufficient to make out a constitutional violation. Daniels v. Williams, 474 U.S. 327, 331, 333-34 (1986); Davidson v. Cannon, 474 U.S. 344, 347-48 (1986); Russ v. Watts, 414 F.3d 783, 788-89 (7th Cir. 2005).

In this case, there is no indication of any deliberate intent or conduct to impede the plaintiff's right to vote. Rather, although not entirely clear, it appears that the plaintiff's inability to vote while detained at the Milwaukee County Jail in 2006 was due to a combination of factors, none of which included either defendant violating the plaintiff's constitutional rights. Thus, the defendants' motion for summary judgment will be granted.

**NOW, THEREFORE, IT IS ORDERED** that the's defendants' motion for summary judgment (Docket #25) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket #37) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for extension of time (Docket #37) be and hereby is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for extension of time (Docket #39) be and hereby is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to subpoena witnesses and/or affidavit (Docket #41) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket #45) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to add defendant (Docket #46) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment dismissing the plaintiff's claims and this action.

Dated at Milwaukee, Wisconsin this 29th day of July, 2008.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge